```
                                    FILED
                            CLERK, U.S DISTRICT COURT
                                 FEB -6 2014
                            CENTRAL DISTRICT OF CALIFORNIA
                            BY                    DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SFR 2012-1 US WEST, LLC, | NO. CV 14-596 UA (DUTYx) |
| Plaintiff, | **ORDER SUMMARILY REMANDING** |
| v. | **IMPROPERLY-REMOVED ACTION** |
| DANIELLE MORGAN, CHOI MORGAN, CORDELL CHANCE, DOROTHY HINES, AND DOES 1 TO 10, | |
| Defendants. | |

The Court will remand this unlawful detainer action to state court summarily because Defendant CORDELL CHANCE ("Defendant") removed it improperly.

On January 24, 2014, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To

prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916), a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter. Metropolitan Life Ins. Co. V. Taylor, 481 U.S. 58, 65 (1987). Under 28 U.S.C. § 1332(a), "district courts also have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." See also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendant's notice of removal only asserts that removal is proper based upon federal question jurisdiction, alleging that the state court action filed by plaintiff "arises under the Fourteenth Amendment of the Constitution." (Notice at 2). However, the

1  underlying unlawful detainer action does not raise any federal
2  legal question. Nor does it appear that federal law is a necessary
3  element of any of plaintiff's claims. See <u>Wells Fargo Bank v.</u>
4  <u>Lapeen</u>, No. C 11-01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6,
5  2011) ("an unlawful detainer action, on its face, does not arise
6  under federal law but is purely a creature of California law,"
7  citing <u>Wescom Credit Union v. Dudley</u>, No. CV 10-8203-GAF (SSx),
8  2010 WL4916578, *2 (C.D. Cal. Nov. 22, 2010) (remanding an action
9  to state court for lack of subject matter jurisdiction where
10 plaintiff's complaint contained only an unlawful detainer claim).
11 Moreover, "'the existence of a defense based upon federal law is
12 insufficient to support federal-question jurisdiction.'" <u>Hall v.</u>
13 <u>North American Van Lines, Inc.</u>, 476 F.3d 683, 687 (9th Cir. 2007)
14 (quoting <u>Wayne v. DHL Worldwide Express</u>, 294 F.3d 1179, 1183 (9th
15 Cir. 2002).
16
17      Simply put, this action could not have been originally filed
18 in federal court, because the complaint does not competently allege
19 facts supplying either diversity or federal-question jurisdiction,
20 and therefore removal is improper. 28 U.S.C. § 1441(a); see <u>Exxon</u>
21 <u>Mobil Corp v. Allapattah Svcs., Inc.</u>, 545 U.S. 546, 563 (2005).
22 Moreover, defendant has not alleged complete diversity of
23 citizenship between the parties and has not established that the
24 amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).
25
26      Defendant is further notified and warned that any subsequent
27
28                                  3

1 | attempts to remove the underlying state unlawful detainer action to
2 | this Court will be improper and will constitute vexatious conduct
3 | that the Court will address by way of punitive remedial measures,
4 | which may include having defendant designated as a vexatious
5 | litigant and barred from commencing any further removal actions
6 | with respect to the underlying state unlawful detainer action.

8 | Accordingly, IT IS ORDERED that (1) this matter be REMANDED to
9 | the Superior Court of California, County Of Los Angeles, 111 North
10 | Hill Street, Los Angeles, California 90012, for lack of subject
11 | matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the
12 | Clerk send a certified copy of this Order to the state court; and
13 | (3) that the Clerk serve copies of this Order on the parties.

15 | IT IS SO ORDERED.

17 | DATED: 1/31/14

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE